IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**RONALD L. MOTES,**

    **Plaintiff,**      Case No. 3:08-cv-366

vs.      **Judge Thomas M. Rose**

**MICHAEL J. ASTRUE,**      **Magistrate Judge Sharon L. Ovington**
**Commissioner of Social Security,**

    **Defendant**.

_____

    **ENTRY AND ORDER OVERRULING MOTES' OBJECTIONS (Doc. #19)
TO THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS ; ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATIONS (Doc. #18) IN ITS ENTIRETY;
AFFIRMING THE COMMISSIONER'S DECISION THAT MOTES WAS
NOT DISABLED; AND TERMINATING THIS CASE**

_____

    Plaintiff Ronald L. Motes ("Motes") has brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Defendant Commissioner of Social Security (the "Commissioner") denying his application for Disability Insurance Benefits ("DIB"). On July 28, 2011, United States Magistrate Judge Sharon L. Ovington entered a Report and Recommendations (doc. #18) affirming the Commissioner's decision that Motes was not disabled. Motes subsequently filed Objections. (Doc. #19.) The time has run and the Commissioner has not responded to Motes' Objections. This matter is, therefore, ripe for decision.

    Motes initially sought DIB alleging disability since June 1, 2004. He then amended his claim to request benefits for a closed period of disability from June 1, 2004 to December 31,

1

2005.

Administrative Law Judge ("ALJ") Steven H. Templin issued a decision denying Motes' DIB application. After the Appeals Council denied Motes' request for review of the ALJ's decision, Motes requested judicial review in this Court. However, on the Commissioner's unopposed motion, this matter was remanded for further administrative proceedings. ALJ David A. Redmond then heard and denied Motes' application. This denial later became the final decision of the Social Security Administration. Such final decisions are subject to judicial review pursuant to 42 U.S.C. § 405(g).

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #18) and in Motes' Objections (doc. #19), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript, and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety and, in so doing, affirms the Commissioner's decision that Motes was not disabled. Finally, Motes' Objections to the Magistrate Judge's Report and Recommendations are overruled.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the Administrative Law Judge's ("ALJ's") decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated*

*Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, *supra*, at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, ALJ Redmond applied the correct legal criteria and the ALJ Redmond's decision is supported by substantial evidence. WHEREFORE, based upon the aforesaid, Motes' Objections to the Magistrate Judge's Report and Recommendations (doc. #19) are OVERRULED, and this Court adopts the Report and Recommendations of the United States Magistrate Judge (doc. #18) in its entirety.

The Commissioner's decision that Motes was not disabled and, therefore, not entitled to benefits under the Social Security Act is AFFIRMED. Further, the captioned cause is hereby

ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

>**DONE** and **ORDERED** in Dayton, Ohio, this Nineteenth Day of September, 2011.

.                                        **s/Thomas M. Rose**

                                                   JUDGE THOMAS M. ROSE
                                                   UNITED STATES DISTRICT COURT

Copies furnished to:
        Counsel of Record